# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| FEDERAL EMPLOYEE RESOURCES, LLC & JASON SCOTT OLIVER, PLAINTIFFS, | § § § § |
| VS. | §  CIVIL ACTION NO. 5:24-cv-00066 |
| KERMIT DALE MCGREGOR DEFENDANT. | § § § § |

## ORIGINAL COMPLAINT

Now comes Plaintiff Jason Oliver, both individually and derivatively on behalf of Federal Employee Resources, LLC, by and through the undersigned attorneys, and allege as follows:

### NATURE OF THE ACTION

1. This action is brought by Jason Oliver, both in his individual capacity and derivatively on behalf of Federal Employee Resources, LLC ("**FER**") to recover against Kermit D. McGregor relating to breaches of contract and fiduciary duties.

### PARTIES

2. Plaintiff Jason Oliver is an individual residing in Comal County, Texas.

3. Plaintiff Federal Employee Resources, LLC is a Texas limited liability company in good standing with its principal place of business in Comal County, Texas.

4. Defendant Kermit Dale McGregor is an individual domiciled and residing in Cleburne County, Arkansas, and may be served with summons at his residence located at 1101 Lakefront Road, Quitman, Arkansas 72131, or wherever he may be found.

### JURISDICTION

5. FER is organized in and has its principal place of business in Texas. Jason Oliver is a resident of Texas. Kermit Dale McGregor is a resident of Arkansas. McGregor LLC is organized in and has

its principal place of business in Arkansas. Jurisdiction is conferred upon this Court pursuant to 28 United Stated Code § 1332 because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity of parties.

6. Kermit Dale McGregor is subject to personal jurisdiction in the State of Texas, and in the Western District, because he consented to jurisdiction by entering into the Operating Agreement and conducting business in San Antonio, Texas. Plaintiffs' causes of action asserted in this lawsuit arise from, or are connected with, purposeful acts committed by Kermit Dale McGregor and McGregor LLC in Texas.

7. Venue for this action properly rests in the Western District of Texas, San Antonio Division pursuant to 29 United States Code § 1391(b)(2), as the Western District of Texas is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated in.

## FACTS OF THE CASE

8. FER is a Texas-based member managed limited liability company that was formed on February 19, 2020 by its members Jason Oliver, Michelle Oliver, Kermit Dale McGregor, and Tina Thompson McGregor.

9. Pursuant to FER's Company Agreement ("**Company Agreement**"), a true and correct copy of which is attached hereto as **EXHIBIT A** and incorporated herein by reference, upon FER's formation, the membership interests were apportioned as follows:

   a. Jason Scott Oliver:  40%.
   b. Kermit Dale McGregor:  40%.
   c. Michelle Lynn Oliver:  10%.
   d. Tina Thompson McGregor:  10%.

10. The Company Agreement provides that "each Member shall have a fiduciary duty of loyalty and care similar to that of members of limited liability companies organized under the laws of Texas."

*Exhibit A* at III.H.1. It further provides that "Members shall owe fiduciary duties of disclosure, good faith and fair dealing to the Company and to the other Members." *Id.* at III.H.3.

11. The Company Agreement also imposed fiduciary duties of loyalty and care upon the officers. *Id.* at VI.C.1. It further imposed fiduciary duties of disclosure, good faith, and fair dealing to the Company and to the Members. *Id.* at VI.C.3.

12. Kermit Dale McGregor was appointed FER's Treasurer.

13. Pursuant to the Company Agreement, the Treasurer has custody of Company funds and securities and is responsible for keeping full and accurate accounts of receipts and disbursements in books belonging to the Company. *Exhibit A* at VI.A.5.

14. As a treasurer, Kermit Dale McGregor was responsible for maintaining FER's bank accounts and has done so since FER's formation.

15. On June 25, 2023, Kermit Dale McGregor assigned his 40% interest in FER to Jason Oliver. A true and correct copy of the assignment is attached hereto as **EXHIBIT B** and incorporated herein by reference.

16. After the assignment, FER's remaining officers began examining the Company's financial books and records that were previously subject to Kermit Dale McGregor's control.

17. The examination into FER's financial books and records revealed that, as Treasurer, Kermit Dale McGregor misused FER funds for his personal benefit, treating the company bank accounts as his own.

18. Beginning some time in 2021, Kermit Dale McGregor used Company funds to pay balances on his personal credit cards, amongst other expenses.

19. Kermit Dale McGregor also made multiple, unaccounted for cash withdrawals from FER's bank account.

20. Kermit Dale McGregor also wrote multiple Company checks to McGregor, LLC, a company that he established in 2014 for the purpose of selling insurance.

21. Kermit Dale McGregor also paid family members using FER funds.

22. Kermit Dale McGregor also wrote himself multiple Company checks.

23. Altogether, in 2022, Kermit Dale McGregor paid an estimated $150,701.99 in FER funds to his personal credit cards, withdrew an estimated $1,908.50 of FER funds at ATMs, wrote an estimated $32,676.66 worth of unaccounted for FER checks, and paid himself and/or McGregor, LLC an estimated $226,904.65 from FER funds.[1]

24. In 2023, Kermit Dale McGregor paid an estimated $85,757.17 in FER funds to his personal credit cards, wrote an estimated $29,797.41 in unaccounted for FER checks, withdrew an estimated $203.00 of FER funds from ATMs, and paid himself and/or McGregor, LLC an estimated $156,284.33 from FER funds.

25. The above transactions were unauthorized, violative of the Company Agreement, and in breach of the fiduciary duties imposed on Kermit Dale McGregor by way of his position as a member and officer of FER.

## CAUSES OF ACTION

26. All conditions precedent to FER's and Oliver's recovery have occurred or have been waived, excused, or otherwise satisfied. All required notices have been given, or the right to receive notice has been waived.

### A. COUNT 1: Breach of Fiduciary Duty.

27. Plaintiffs re-allege and incorporate herein by reference each of the allegations contained in the preceding paragraphs of this Complaint.

---

[1] Discovery into Kermit Dale McGregor's misuse of Company funds is ongoing and these numbers are therefore subject to increase.

PLAINTIFFS' ORIGINAL COMPLAINT

28. Kermit Dale McGregor had a fiduciary relationship with FER and its members.

29. Jason Oliver, in his capacity as a named fiduciary, has standing to sue Kermit Dale McGregor, a co-fiduciary, to recover to FER the funds it lost due to Kermit Dale McGregor's misappropriation of funds during his time as Treasurer.

30. As Treasurer of FER, Kermit Dale McGregor owed at all times relevant to this litigation the duties of: (1) loyalty and care; and (2) disclosure, good faith, and fair dealing.

31. Kermit Dale McGregor breached the above fiduciary duties to FER and Jason Oliver by: (a) using FER funds to pay balances on his personal credit cards; (b) making unauthorized cash withdrawals from FER accounts; (c) making unauthorized transfers of funds from FER accounts to McGregor, LLC; (d) failing to keep adequate records, to render a requested accounting, and disclose material information when he was obligated to do so; and (e) competing with FER via his other Company McGregor, LLC.

32. Kermit Dale McGregor's breach of fiduciary duties injured FER and Jason Oliver and benefitted Kermit Dale McGregor and McGregor LLC, resulting in damages. As a result of Kermit Dale McGregor's breaches of fiduciary duties, McGregor is liable to FER for payments improperly paid to Kermit Dale McGregor and McGregor LLC from FER funds.

33. Kermit Dale McGregor's breaches of fiduciary duties owed to FER and Jason Oliver were clear and serious in that McGregor acted intentionally to FER's and Oliver's significant detriment. Plaintiffs are entitled to the disgorgement of all profits received by Kermit Dale McGregor as a result of his actions.

34. The injuries Plaintiffs suffered as a result of Kermit Dale McGregor's fiduciary breaches were inherently undiscoverable and objectively verifiable. Plaintiffs did not know, or have reason to know, of McGregor's misconduct or Plaintiffs' resulting injuries until he withdrew from FER. Due to the

PLAINTIFFS' ORIGINAL COMPLAINT

fiduciary nature of the parties' relationship, Plaintiffs were unable to inquire into McGregor's actions and unaware of the need to do so.

### B. COUNT 2: Fraud by Nondisclosure.

35. Kermit Dale McGregor committed fraud by nondisclosure against FER and Jason Oliver. McGregor concealed from or failed to disclose to Oliver the unauthorized transactions and payments.

36. Kermit Dale McGregor had a duty to disclose to Oliver the transactions and payments McGregor made to himself and McGregor LLC that went beyond those authorized by the parties' initial agreement.

37. The facts Kermit Dale McGregor concealed from or failed to disclose to Jason Oliver regarding the unauthorized transactions and payments were material.

38. Kermit Dale McGregor knew Jason Oliver was ignorant of the unauthorized transactions and payments and that Oliver did not have an equal opportunity to discover them.

39. Kermit Dale McGregor was deliberately silent when he had a duty to speak.

40. By failing to disclose the unauthorized transactions and payments, Kermit Dale McGregor intended to induce Jason Oliver to take some action or refrain from acting.

41. Jason Oliver relief on Kermit Dale McGregor's nondisclosure.

42. Jason Oliver was injured as a result of acting without the knowledge of the undisclosed facts.

### C. COUNT 3: Money Had and Received.

43. Kermit Dale McGregor and McGregor LLC are liable to Plaintiffs for money had and received from FER.

44. Kermit Dale McGregor and McGregor LLC hold money that was improperly paid to them from FER's funds during the time McGregor controlled FER's accounts and books.

45. The money held by Kermit Dale McGregor and McGregor LLC belongs to FER and Jason Oliver in equity and good conscience.

PLAINTIFFS' ORIGINAL COMPLAINT

### D. COUNT 4: *Conversion.*

46. Kermit Dale McGregor had a fiduciary relationship with FER and Jason Oliver.

47. Plaintiffs owned, possessed, and had the right to immediate possession of the funds in FER's bank accounts.

48. Kermit Dale McGregor wrongfully exercised dominion or control over the funds in FER's bank accounts.

49. As a result of Kermit Dale McGregor's wrongful exercise of control over the funds in FER's bank accounts, Plaintiffs suffered injury.

### E. COUNT 5: *Breach of Contract.*

50. On February 19, 2020, Jason Oliver and Kermit Dale McGregor entered into a valid and enforceable contract regarding the operation of FER. Per the Operating Agreement's terms, the contract had an effective date of November 13, 2019. Under the contract, Kermit Dale McGregor was responsible for carrying of the duties of Treasurer for FER.

51. Jason Oliver has performed his obligations under the Operating Agreement, but Kermit Dale McGregor failed to perform his obligations under the Operating Agreement. Kermit Dale McGregor improperly used FER funds for his personal benefit in breach of the Operating Agreement, causing FER and Jason Oliver to suffer actual damages.

## **ATTORNEY'S FEES**

52. As a result of Kermit Dale McGregor's breach of his contract with Jason Oliver and FER, Oliver and FER were required to retain the legal services of the law firm Cokinos | Young. Oliver and FER have agreed to pay Cokinos | Young a reasonable fee for its services necessarily rendered and to be rendered in this action.

53. Although FER and Jason Oliver presented their claim for damages to Kermit Dale McGregor, McGregor refused to tender payment. Accordingly, all conditions precedent to Plaintiffs' claim for attorney's fees have been performed or have occurred.

54. Plaintiffs are entitled to an award of their reasonable and necessary attorney's fees and expenses incurred pursuing their claims against Kermit Dale McGregor in an amount to be established at trial.

## JURY DEMAND

55. Pursuant to Federal Rule of Civil Procedure 38 and U.S. Constitution Amendment VII, Plaintiffs demand a trial by jury.

## PRAYER

Premises considered, Plaintiffs Federal Employee Resources, LLC and Jason Oliver pray that Defendant Kermit Dale McGregor be cited to appear and, following trial by jury, the Court enter judgment awarding Plaintiffs:

a) all damages requested herein;
b) exemplary damages;
c) reasonable and necessary attorney's fees and expenses;
d) court costs;
e) pre- and post-judgment interest at the highest rates allowable by law; and
f) all such other and further relief to which Plaintiffs may be justly entitled, both at law and in equity.

                                                Respectfully submitted,

                                                COKINOS | YOUNG
10999 IH 10 West, Suite 800
San Antonio, Texas 78230
Telephone: (210) 293-8700
Facsimile: (210) 293-8733

By:    */s/ Alec T. Dudley*
ALEC T. DUDLEY
Texas Bar No. 24096694
E-Mail: adudley@cokinoslaw.com
WHITLEY B. ZACHARY
Texas Bar No. 24091841
E-Mail: wzachary@cokinoslaw.com
CHANCE K. DECKER
Texas Bar No. 24069592
E-Mail:  cdecker@cokinoslaw.com
ANDREW I. PAPE
New Mexico Bar No. 161979
E-Mail: apape@cokinoslaw.com

**ATTORNEYS FOR PLAINTIFF**